IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES COUNTEE,

    Plaintiff,

vs.                                                                         Civ. No. 02-0605 MV/RLP

STATE OF NEW MEXICO,
CHILDREN, YOUTH AND FAMILIES
DEPARTMENT, DEBORAH HARTZ in
her individual and official capacities, RON
WEST in his individual and official
capacities, BOB SILVA in his individual
and official capacities, STAN READ in his
individual and official capacities, LEROY
GARCIA in his individual and official
capacities, KEVIN HUGHES in his
individual and official capacities,
LLOYDA VIGIL in her individual and
official capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint, filed March 23, 2003, **[Doc. No. 63]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

### FACTUAL BACKGROUND

Plaintiff commenced this action on May 24, 2002, by filing a complaint alleging that Defendants discriminated against Plaintiff on the basis of race and retaliated against

Plaintiff in violation of Title VII, the First Amendment to the United States Constitution, and the Fourteenth Amendment to the Unites States Constitution. Plaintiff now moves to amend his complaint to (1) add the Plaintiff's union affiliation as a grounds for the First Amendment retaliation claim; (2) to add Diane Garrity as a defendant; and (3) to dismiss without prejudice the claims against Defendants Deborah Hartz, Leroy Garcia and Stan Read. Defendants the State of New Mexico Children, Youth and Families Department ("CYFD"), Deborah Hartz, Ron WEst, Roberto Muro, Stan Read, Leroy Garcia, Kevin Hughes and Lloyda Vigil (collectively "Defendants"), do not oppose Plaintiff's motion to amend to the extent that it seeks to dismiss Defendants Hartz, Garcia and Read. Defendants oppose Plaintiff's motion to amend to add Ms. Garrity as a defendant on the grounds that the allegations against Ms. Garrity are untimely and made in bad faith. Defendants oppose Plaintiff's motion to amend to add Plaintiff's union affiliation as grounds for the First Amendment retaliation claim on the grounds that it is futile because there are no factual allegations to support such a claim.

## DISCUSSION

Under Rule 15 of the Federal Rules Of Civil Procedure, leave to file an amended complaint is within the discretion of the Court and shall be freely given. Fed. R. Civ. P. 15. Absent an apparent reason to refuse leave to amend, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies through amendment, prejudice to an opposing party, or futility of amendment, a party should be given leave to amend. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants assert that Plaintiff's motion to amend to add Ms. Garrity as a

defendant is made in bad faith because there is no factual basis to support the addition of Ms. Garrity as a defendant and is untimely because the allegations related to Ms. Garrity could have been set forth in the original complaint.

Plaintiff alleges, in part, that as a part of a pattern of harassment, discrimination and retaliation against Plaintiff based on Plaintiff's race, his complaints of harassment and his union activities, Defendants engaged in an open-ended, unjustified investigation of Plaintiff's personal and professional life in an attempt to manufacture charges of wrong-doing against Plaintiff.  In his motion, Plaintiff points to information obtained from depositions in this matter indicating that Ms. Garrity was involved in determining the scope of this investigation, which allegedly included interviews of two of Plaintiff's former girlfriends regarding Plaintiff's personal life.

The Court finds that Plaintiff has set forth sufficient factual allegations to demonstrate that Ms. Garrity was involved in the alleged events giving rise to the claims made by Plaintiff in this matter and that Plaintiff has demonstrated that the extent of Ms. Garrity's involvement in the events giving rise to Plaintiff's claims was learned through deposition testimony.  Consequently, the Court finds that Plaintiff's proposed amendment to add Ms. Garrity as a defendant is neither made in bad faith nor untimely.

Plaintiff has also come forward with sufficient evidence to counter Defendants' assertion that the proposed addition of Plaintiff's union affiliation as a basis for his First Amendment retaliation claim is futile because there is no factual support for the claim. Plaintiff has pointed to evidence in the record establishing that he was active in the union after the union ceased to be recognized by the State, that Defendants were aware of his

union activity, and that Defendants had expressed "concern" about Plaintiff's union-related activities.  In fact, Plaintiff has presented a recorded statement from Defendant Ron West in which Defendant West stated that Plaintiff was never going to perform well at his job "because he is going to fight CYFD as a union representative and as president of the union or whatever his title is . . . ."

Under the liberal standards established by Rule 15 for the amendment of a complaint, the Court finds that Plaintiff has demonstrated sufficient justification for the requested amendment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, filed March 23, 2003, **[Doc. No. 63]** is hereby **GRANTED**. Plaintiff has ten days from the date of this Order to file Plaintiff's First Amended Complaint for Race Discrimination and Retaliation Seeking Damages and Injunctive Relief.  This matter will be referred to the magistrate judge to determine what, if any, additional discovery is needed and to set new pre-trial deadlines.

**IT IS FURTHER ORDERED** that Defendants State of New Mexico, Children Youth and Families Department, Ron West and Roberta Muro's Motion for Summary Judgment, filed June 6, 2003, **[Doc. No. 87]** and Defendants Kevin Hughes and LLoyda Vigil's Motion for Summary Judgment, filed April 21, 2003, **[Doc. No. 75]** are hereby **DENIED** as moot.  The parties may request that these motions be considered as seeking

judgment on the First Amended Complaint or file new motions prior to the new deadline for dispositive motions set by the magistrate judge in this matter.

Dated this 26th day of January, 2004.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
    Victor E. Valdez, Esq.

Attorney for Defendant:
    Marcia E. Lubar, Esq.